*249 OPINION of the Court, by
Ch. j. Boyle.
French having entered into a written contract with John Edwards, for one half of an entry of 200 acres of land, lying in Madison county, sold the benefit of the contract to Orear for $60, payable in a horse, for which Orear executed his note to French, and the latter gave up to Orear the contract with Edwards, and a letter *250 fog Edwards to let Orear into the contract in his placed This was accordingly done by Edwards upon the first application hy Orear; and Orear having surrendered to Edwards the contract with French, and executed his note for the payment of the price French was to have given, Edwards assigned the plat and certificate of survey to Orear, in -whose name the patent afterwards issued» But Orear having failed to pay the $60 in a horse, suit was brought upon the note therefor, and judgment recovered in the name of French, but for the benefit of another to whom it had been sold.
Refolded, that O cannot withhold payment of his note to F 5 the con liberation as between them being the tranf. ferofthe contrail between F and E ; and the letting in of O in place •f F.
To be relieved from the judgment, Orear filed his bill, alleging that the entry in the name of Edwards had been withdrawn, and charging French with a knowledge of. its withdrawal previous to the contract with him. French in his answer denies the charge of knowing that the entry had been withdrawn, and retorts it upon Orear.
The fact of the withdrawal of the entry, was not contested, and the court below being of opinion that both parties were equally ignorant of the fact, decreed relief to Orear, upon the ground that the consideration of the note given hy him to French had failed. To reverse that decree French has prosecuted this writ of error.
There is certainly no evidence in the cause which will authorise a conclusion that French was apprised, at the time of the contract between him and Orear, of the withdrawal of the entry in the name of Edwards. Nor is there sufficient evidence to justify us in saying that Orear had a knowledge of that fact. For though French has taken 'some testimony for that purpose, yet when taken in connection with the opposing evidence, it does not satisfactorily establish the fact.
We shall therefore assume, as the court below did, that both parties were equally ignorant of the withdrawal of the entry. But assuming Ibis to be the state of fact, we cannot accord with that court in supposing that Orear is entitled to relief on the ground of the failure of consideration. Had the entry been the immediate subject of the contract between French and Orear, as that had been withdrawn, and was therefore a mere nullity, it might have been said with propriety that there was a failure of consideration. But the entry was not the immediate subject of their contract, it was the contract between French and Edwards which formed the subjects *251 of the contract between French and Orear; and the relinquishment by French of his place in the former contract to Orear, formed the inducement to Orear to enter into the latter. The subject matter, then, of the latter contract, was not a mere fiction or nonentity, but a subsisting reality; and it is not pretended that what was stipulated to be done on the part of French, as the inducement to Orear to enter into the contract, was not performed. There cannot, therefore, in any sense of the expression, be said to be a failure of consideration. Suppose in the contract between French and Edwards, the latter had undertaken to guarantee the validity of the entry of 200 acres, it can hardly he imagined that any one would in that case have supposed that the contract between French and Orear would have been without consideration, because the entry bad been withdrawn : and most assuredly the want of such a stipulation in the contract between French and Edwards, cannot change the nature of the thing. It may diminish its value, but it does not render it less the legitimate subject of a contract.
The decree must be reversed with costs, and the cause remanded that a decree may be entered dismissing the bill and dissolving the injunction with costs and damages.